Yongmoon Kim
KIM LAW FIRM LLC
411 Hackensack Avenue 2nd Floor
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com
*Attorneys for Plaintiff, on behalf of herself
and those similarly situated*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PAOLA PAZYMINO, *on behalf of herself and those similarly situated,*<br><br>    Plaintiff,<br><br>vs.<br><br>CAVALRY SPV I, LLC; CAVALRY PORTFOLIO SERVICES, LLC, and JOHN DOES 1 to 10,<br><br>    Defendants. | Civil Action No.<br><br><br><br><br><br>**CLASS ACTION COMPLAINT** |

Plaintiff, Paola Pazymino, individually and on behalf of all others similarly situated, by way of Complaint against Defendants, Cavalry SPV I, LLC and Cavalry Portfolio Services, LLC and John Does 1 to 10, says:

**I.   NATURE OF THE ACTION**

1.   This action for damages arises from a collection agency's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

**II.   JURISDICTION AND VENUE**

2.   This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage.

### III.   PARTIES

4. Plaintiff, Paola Pazymino ("Pazymino"), is a natural person residing in Bergen County, New Jersey.

5. Defendant, Cavalry Portfolio Services, LLC ("CPS") is a collection agency with an office located at 500 Summit Lake Drive, Suite 400, Valhalla, New York 10595.

6. Defendant, Cavalry SPV I, LLC ("Cavalry SPV") is a Delaware limited liability company with its principal place of business at 500 Summit Lake Drive, Suite 400, Valhalla, New York 10595.

7. Defendants John Does 1 to 10 are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identity will be disclosed in discovery and should be made parties to this action.

8. In this pleading, "Defendants" in the plural refers to all Defendants.

### IV.   FACTS

A. **Background**

9. Defendants are not in the business of extending credit, selling goods or services to consumers.

10. Defendants regularly collect or attempt to collect past-due and defaulted debts of natural persons allegedly owed to others which were incurred primarily for personal, family or household purposes.

11. The principal purpose of Defendants is the collection of defaulted debts.

12. When attempting to collect debts, Defendants use the mails, telephone, the internet and other instruments of interstate commerce.

13. CPS is a collection agency.

14. Cavalry SPV is a debt buyer.

15. Defendants have asserted that Plaintiff incurred or owed a certain financial obligation to Citibank, N.A. ("Debt" or "Account").

16. The Debt is alleged to arise from one or more transactions which were primarily for Plaintiff's personal, family, or household purposes.

17. The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

18. Defendants contend that the Account was past-due and in default.

19. The Account was past due and in default at the time it was placed with or assigned to CPS for collection.

**B. False Threat of Credit Reporting**

20. In an attempt to collect the debt, Defendants mailed a collection letter to Plaintiff on December 6, 2016 ("CPS Letter").

21. A true copy of the CPS Letter, but with redactions, is attached as *Exhibit A*.

22. Plaintiff received and reviewed the CPS Letter.

23. The CPS Letter was sent in attempt to collect the Debt.

24. On information and belief, the CPS Letter is a mass-produced, computer-generated, form letter that is prepared by the Defendants and mailed to consumers in the State of New Jersey, such as Plaintiff, from whom they are attempting to collect a debt.

25. The CPS Letter threatens "We will continue to report information about your account to credit reporting agencies."

26. Contrary to the statement contained in the CPS Letter, at no time did Citibank, N.A. nor Defendants report the Debt to a credit reporting agency.

## V. POLICIES AND PRACTICES COMPLAINED OF

27. It is Defendants' policy and practice to send written collection communications, in the form exemplified by the CPS Letter, in an attempt to collect consumer debts, which threatened negative credit reporting unless the terms of the obligation are fulfilled.

28. It is Defendants' policy and practice to send written collection communications, in the form exemplified by the CPS Letter, in an attempt to collect consumer debts, which falsely threaten negative credit reporting, in violation of the FDPCA.

29. Defendants used the same procedures it used in sending the CPS Letter to Plaintiff when sending the same and/or similar letters to numerous other New Jersey consumers.

## VI. CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

31. Subject to discovery and further investigation which may cause Plaintiff to modify, narrow or expand the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a Class initially defined as follows:

> All natural persons with addresses within the State of New Jersey to whom, beginning December 5, 2016 through and including the final resolution of this case, Defendants sent one or more letter(s) in the same or similar form as Exhibit A, in attempts to collect a consumer debt.

32. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

33. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

34. There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals, including but not limited to:

    a. Whether Defendants are a debt collector under the FDCPA;

    b. Whether Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692g(a), and 1692g(b); and

    c. Whether Plaintiff and the Class are entitled to statutory damages.

35. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

36. Plaintiff's claims are typical of the claims of the members of the Class.

37. The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

38. Plaintiff does not have interests antagonistic to those of the Class.

39. The Class, of which Plaintiff is a member, is readily identifiable.

40. Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, consumer and other complex litigation, and claims of the type asserted in this action.

41. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

42. Plaintiff does not anticipate any difficulty in the management of this litigation.

### VII.   FIRST COUNT: VIOLATIONS OF THE FDCPA

43. Plaintiff, on behalf of herself and others similarly situated, reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

44. Plaintiff and those similarly situated are "consumers" as defined by 15 U.S.C. § 1692a(3) because they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

45. The debts alleged to be owed by the Plaintiff and those similarly situated are consumer "debts" as defined by 15 U.S.C. § 1692a(5).

46. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

47. The letters attached as Exhibit A, and the letters which are the same or similar in form, sent by Defendants to Plaintiff and numerous other New Jersey consumers are "communications" pursuant to 15 U.S.C. § 1692a(2).

48. The letters attached as Exhibit A, and the letters that are the same and similar in form, were sent by Defendants to Plaintiff and those similarly situated in an attempt to collect the debts.

49. Defendants' use of the written communications as described above, sent to Plaintiff and those similarly situated, violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692g(a), and 1692g(b).

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Paola Pazymino, on behalf of herself and others similarly situated, demands judgment against Defendants, Cavalry SPV I, LLC and Cavalry Portfolio Services, LLC, as follows:

A. For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

B. For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C. For statutory damages in favor of the class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D. For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

E. For pre-judgment and post-judgment interest; and

F. For such other and further relief as the Court deems equitable and just.

## IX. JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## X. CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated: December 5, 2017

                                                                            KIM LAW FIRM LLC

                                                                            *s/ Yongmoon Kim*
                                                                            Yongmoon Kim
                                                                            *Attorneys for Plaintiff on behalf of herself*
                                                                            *and those similarly situated*